IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL E. JONES, | ) | CASE NO. 1:12 CV 327 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Darrell E. Jones, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that since the alleged onset date of disability, April 30, 2007, Jones had severe impairments consisting of syncopal seizure disorder, obesity, sleep apnea, lupus, gout, and deep vein thrombosis ("DVT").[1] Beginning on the established[2] onset date of disability, February 24, 2011, the ALJ found that Jones had severe impairments consisting

---

[1] Transcript ("Tr.") at 13.

[2] "Established" meaning as determined by the ALJ in his decision.

of syncopal seizure disorder, obesity, sleep apnea, lupus, gout, DVT, and depression.[3] The

ALJ made the following finding regarding Jones's residual functional capacities:

> After careful consideration of the entire record, the undersigned finds that **prior to February 24, 2011**,[4] the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with restrictions. He can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs.[5]

******

> After careful consideration of the entire record, the undersigned finds that **beginning on February 24, 2011**,[6] the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with restrictions. He can never climb ladders, ropes or scaffolds. The claimant can occasionally climb ramps and stairs. He is limited to simple, routine and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple work-related decisions, routine work-place changes, only occasional and superficial interaction with the public and co-workers. The claimant would be off-task 20% of the time. Due to doctors' appointments and symptoms, the claimant would be absent for two work days a month.[7]

Given these residual functional capacities, the ALJ found Jones incapable of performing any

past relevant work since April 30, 2007.[8]

---

[3] *Id.*

[4] Emphasis added.

[5] *Id.* at 16.

[6] Emphasis added.

[7] *Id.* at 18.

[8] *Id.* at 19.

Based on answers to hypothetical questions posed to the vocational expert ("VE") at the hearing setting forth the first residual functional capacity ("RFC") finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Jones could perform prior to February 24, 2011.[9] The ALJ, therefore, found Jones not under a disability before that date.[10]

The ALJ decided, however, that Jones's RFC as of February 24, 2011, prevented him from performing any jobs that existed in significant numbers locally or nationally.[11] The ALJ, accordingly, found Jones disabled as of that date for purposes of his supplemental security income application.[12]

Jones asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Jones presents two issues for decision on judicial review:

- The ALJ found that before February 24, 2011, Jones's depression did not constitute a severe impairment, and he did not include any limitations for depression in the RFC finding for the period before that date. Does substantial evidence support the ALJ's decision to find Jones's depression not severe and to impose no limitations for depression in the RFC for the period before February 24, 2011?

---

[9] *Id.*

[10] *Id.* at 20.

[11] *Id.* Jones's insured status expired on December 31, 2010. This finding of actual onset date defeated his disability insurance benefits claim. Tr. at 21.

[12] *Id.*

- • The ALJ gave the opinion of Jones's treating physician, Charles Abunyewa, M.D., little weight as to physical limitations but substantial weight as to mental limitations as of February 24, 2011. Does substantial evidence support the weight assigned by the ALJ to Dr. Abunyewa's various opinions?

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

### 1.    Standard of review

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[13]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner

---

[13] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[14] The court may not disturb the Commissioner's

findings, even if the preponderance of the evidence favors the claimant.[15]

I will review the findings of the ALJ at issue here consistent with that deferential

standard.

**2.     Substantial evidence supports the ALJ's RFC finding and the weight assigned
         to the treating physician's opinions.**

This case involves two applications – one for disability insurance benefits and the

second for supplemental security income. The ALJ denied the application for disability

insurance benefits, finding that for the period after the alleged onset date, April 30, 2007,

through the date last insured, December 31, 2010, Jones had an RFC that rendered him

capable of performing a significant number of jobs that existed in the local and national

economies. The ALJ, however, granted the supplemental security income application in part.

He found that Jones's RFC on or after February 24, 2011, prevented him from performing

any jobs that existed in significant numbers local and nationally.

The ALJ's decision contains two RFC findings. The first finding, for the period before

February 24, 2011, back to the alleged onset date of April 30, 2007, provided for light

exertional limitations and no mental limitations. The second RFC finding, for the period on

---

[14] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[15] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

and after February 24, 2011, added significant mental limitations to light exertional limitations.

The ALJ based his decision to find disability on and after February 24, 2011, on the opinion of Jones's treating physician, Dr. Abunyewa, issued on that date. In that opinion, Dr. Abunyewa diagnosed Jones with depression and offered that Jones would be unable to work in a sustained competitive work environment because of impaired concentration.[16] On the date of this opinion, Dr. Abunyewa's treatment notes contain a diagnosis of major depression.[17] Two days earlier, on February 22, 2011, Dr. Abunyewa diagnosed Jones with anxiety depression and prescribed Zoloft.[18] The ALJ assigned this opinion substantial weight as "consistent with the medical records as a whole."[19]

Jones makes two arguments for a broader disability finding based upon the treatment notes and opinions of Dr. Abunyewa. First, he argues that the actual onset date for disability caused by mental limitations should have been July 13, 2010. On that date, Dr. Abunyewa first diagnosed Jones with recurrent depression and first prescribed Zoloft.[20] Jones argues that the ALJ ignored this evidence because he stated in the decision, "[t]he evidence of record

---

[16] Tr. at 397-98.

[17] *Id.* at 400.

[18] *Id.* at 402.

[19] *Id.* at 18.

[20] *Id.* at 413.

establishes that beginning February 24, 2011, the claimant has the severe impairment of depression."[21]

Contrary to Jones's argument, the ALJ's reference to the severe impairment of depression beginning on February 24, 2011, does not mean that the ALJ did not properly take into consideration the treatment notes of July, 2011. The ALJ made that observation in discussing severe impairments at step two. His analysis makes clear that this diagnosis of depression, coupled with Dr. Abunyewa's opinion that Jones's impaired concentration limited his ability to function in a sustained competitive work environment, made the impairment severe as of that time. That statement does not indicate that the record contains no evidence of depression before that date.[22]

In explaining the RFC finding that supported the granting of the supplemental security income application, the ALJ explained that he gave substantial weight to Dr. Abunyewa's opinion because that opinion is consistent with the medical record as a whole.[23] Looking at all of Dr. Abunyewa's treatment notes, the first indication of depression and the first prescription of Zoloft appears on July 13, 2010.[24] Jones saw Dr. Abunyewa at least once a month thereafter through February of 2011. The next reference to any mental impairment

---

[21] *Id.* at 14.

[22] As the Commissioner has pointed out, the mere diagnosis of an impairment says nothing about the extent of limitation that the impairment imposes. *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988).

[23] Tr. at 18.

[24] *Id.* at 413.

comes on November 19, 2010, where Dr. Abunyewa's assessment contains the notation "generalized anxiety disorder."[25] The note for January 19, 2011, contains the observation, "Psychiatric: Intact memory, judgment and insight, normal mood and affect."[26] No further reference to depression appears until the treatment note of February 22, 2011, in which Dr. Abunyewa includes the assessment of anxiety depression and issues a refill of the Zoloft prescription.[27] His opinion, to which the ALJ attributed substantial weight, followed two days later, on February 24, 2011.

Jones has the burden of proof at step four.[28] Because of the sporadic references to depression in the treatment notes and the absence of any opinion as to limitations caused by depression before February 24, 2011, a reasonable mind could conclude that Jones's depression did not become severe and disabling before February 24, 2011. Substantial evidence, therefore, supports the ALJ's RFC finding as of that date and his evaluation of Dr. Abunyewa's opinion.

Although not specifically emphasized at the oral argument, Jones's brief challenges the finding of light exertional limitations in both RFCs. Given the ALJ's disability finding as of February 24, 2011, the finding of an RFC for light work as of and after that date is harmless error.

---

[25] *Id.* at 407.

[26] *Id.* at 405.

[27] *Id.* at 402.

[28] *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

Before that date, however, Jones's argument rests upon a challenge to the ALJ's decision to give little weight to Dr. Abunyewa's opinion as to exertional limitations. Dr. Abunyewa gave an opinion in 2009, which limited Jones to standing 15 minutes and walking 15 minutes.[29] Dr. Abunyewa stated that the duration of that severity was one month.[30]

In the opinion of February 24, 2011, Dr. Abunyewa opined that Jones could only sit 30 minutes in an eight-hour day, stand and walk 30 minutes in an eight-hour day, and occasionally lift 10 pounds.[31] The ALJ gave this opinion little weight because the limitations are not supported by Dr. Abunyewa's treatment notes or Jones's allegations.[32]

To be sure, Jones did testify that he had no problem sitting and could lift between 10 and 15 pounds.[33] Further, my review of the treatment notes of Dr. Abunyewa has found them terse and without notations supporting the extreme limitations. Dr. Abunyewa's physical examination findings for the back, extremities, and neurological are consistently unremarkable.[34] A reasonable mind could accept the ALJ's finding that Dr. Abunyewa's

---

[29] Tr. at 374.

[30] *Id.*

[31] *Id.* at 397-98.

[32] *Id.* at 18.

[33] *Id.* at 16.

[34] *Id.* at 401-15.

treatment notes do not support the extreme exertional limitations imposed in his opinions and the weight assigned to those opinions.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Jones had no disability. Accordingly, the decision of the Commissioner denying Jones disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

Dated: February 11, 2013                          s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge